UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

FELIX DEJESUS,

                                  Plaintiff,

   vs.
                                                            9:04-CV-1038

S. MILLER DOE, et al.,                                         (J. Kahn)

                                  Defendants.
_____

APPEARANCES                                     OF COUNSEL

FELIX DEJESUS
Plaintiff pro se

ELIOT SPITZER                             MEGAN M. BROWN
Attorney General of the                Asst. Attorney General
State of New York
Attorney for Defendants

GUSTAVE J. DI BIANCO, United States Magistrate Judge

## REPORT-RECOMMENDATION

     This matter has been referred to me for Report and Recommendation by the Honorable Lawrence E. Kahn, United States District Judge, pursuant to 28 U.S.C. § 636(b) and Local Rules N.D.N.Y. 72.3(c).

     In this amended civil rights complaint, plaintiff alleges that between June and October, 2000, defendants provided plaintiff with constitutionally inadequate medical care. (Dkt. No. 5). Plaintiff seeks substantial monetary relief.

     Presently before the court is defendants'[1] motion to dismiss the complaint

---

[1] The motion to dismiss has been made on behalf of defendants Miller, Weissman, Goord, and LeClaire. (Dkt. No. 36 at 1). The other defendants have not been successfully served, however, this

pursuant to FED. R. CIV. P. 12(b)(6). (Dkt. No. 36).  For the following reasons, this court agrees with defendants and will recommend dismissal of the complaint.

## DISCUSSION

1. **Motion to Dismiss**

A court may not dismiss an action pursuant to Rule 12(b)(6) unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Cohen v. Koenig*, 25 F.3d 1168, 1172 (2d Cir. 1994)(citing *inter alia Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).  The court must accept the material facts alleged in the complaint as true. *Id*. (citing *Cooper v. Pate,* 378 U.S. 546 (1964)(per curiam)).

In determining whether a complaint states a cause of action, great liberality is afforded to pro se litigants. *Platsky v. Central Intelligence Agency*, 953 F.2d 26, 28 (2d Cir. 1991)(citation omitted).  For purposes of a Rule 12(b)(6) motion, the "complaint" includes any written instrument attached to the complaint and any statements or documents incorporated into it by reference. *Gant v. Wallingford Bd. of Education*, 69 F.3d 669, 674 (2d Cir. 1995)(citations omitted).  Plaintiff in this case has attached a number of documents as exhibits to his complaint, and this court has reviewed these documents in making its determination.

2. **Facts**

Plaintiff alleges that on June 9, 2000, while he was incarcerated at Upstate Correctional Facility, he complained to HIV Specialist, defendant Peter Peliero that

---

report and recommendation applies to all defendants.

plaintiff "feared for his health and safety due to HIV." Amended Complaint (AC) ¶ 14. Plaintiff states that on June 9, 2000, defendant Peliero prescribed plaintiff a new regimen of medication. AC ¶ 14. Plaintiff states that on June 9, 2000, defendant Miller requested the new medications. AC ¶ 15. Plaintiff appears to state that on June 26, 2000, plaintiff requested a doctor's appointment because there were too many "caps," he was losing his appetite, and could not eat. AC ¶ 15. Plaintiff also states that on June 21, 2000, he complained because he was not getting a "higher protein food" that was allegedly prescribed by a doctor at an "outside" hospital. AC ¶ 15. Plaintiff has included his written requests as exhibits to the complaint.

Plaintiff then alleges that on June 9, 2000, "defendant Weissman, as a result was part [sic] to provide the new regimen of [sic] per recommendation of medication to plaintiff." AC ¶ 16. It is unclear what plaintiff is attempting to state in this paragraph. Plaintiff seems to be alleging that defendant Weissman had some responsibility for providing these new medications.

Plaintiff claims that on July 7 and July 11, 2000, he complained to defendant Pito Ryen that plaintiff was "feeling sick," and alleges that the side-effects of the medication were making plaintiff ill. AC ¶ 17. Plaintiff states that on July 11, 2000, he told defendant Ryen that the medication was putting plaintiff's health "at risk." *Id.* Plaintiff has included various documents as exhibits to his complaint. Many of these documents are entitled "Refusal of Medical Examination and/or Treatment." One of these refusals is dated July 11, 2000 and states that plaintiff was refusing his morning HIV medications, and that he realized that his refusal was putting his condition "at

risk." The exhibits attached to the complaint include refusals of treatment on August 14, 2000 and September 14, 2000.

Plaintiff states that on July 13, 2000, he wrote to defendant Selsky, complaining that plaintiff "feared for his personal health and safety" due to the poor medical treatment and also requesting that he be moved to a one-man cell. AC ¶ 18. Plaintiff states that on July 19, 2000, defendant Selsky denied plaintiff's request to be moved and forwarded his letter to defendant Alexander for his review. AC ¶ 18. Plaintiff has included his letter to defendant Selsky and defendant Selsky's July 19, 2000 letter as exhibits to the complaint.

Plaintiff states that on August 1, 2000, he became dizzy and fell to the floor, hitting his head on the toilet. AC ¶ 19. Plaintiff's head began to bleed. Plaintiff states that defendant Ryen came to plaintiff's cell, and although plaintiff asked to see a doctor, defendant Ryen merely gave plaintiff a bandage, Tylenol, and an antibiotic. Plaintiff also states that defendant Ryen told plaintiff to "sign up for sick call." Plaintiff asked again to see a doctor, but defendant Ryen refused. Plaintiff states that on August 2, 2000, he was examined "at sick-call" by "Dr. W," who saw the laceration on plaintiff's scalp and cleaned the affected area. Plaintiff has included the August 1, 2000 "Report of Inmate Injury" as an exhibit to his complaint.

On August 21, 2000, plaintiff filed a grievance complaining that he was denied the right to see a doctor after his August 1, 2000 fall. AC ¶ 22. Plaintiff states that the Superintendent denied the grievance "without clarification," merely stating that plaintiff was "being well served by the sick call process." Plaintiff has included a

copy of the Superintendent's decision as an exhibit to the complaint. Plaintiff also states in his complaint that defendant Bellamy also denied plaintiff's grievance "without clarification" based on the recommendation of the Health Services Department, upholding the Superintendent's decision. AC ¶ 23.

Plaintiff states that on September 29, 2000, he was diagnosed with a liver infection. AC ¶ 26. Plaintiff appears to blame this infection on defendants' inferior care and claims that defendants "knew" about the problems with plaintiff's medication from the first time he complained, but "did not provide him to [sic] a hospital." AC ¶ 26. Plaintiff claims that defendants Goord and LeClaire knew that plaintiff was at risk and were aware of plaintiff's "mistreatment." AC ¶¶ 24, 25.

Plaintiff states that on October 2, 2000, he was transferred to Franklin Correctional Facility. AC ¶ 27. Plaintiff then states that pancreas and liver problems have been reported in patients that are taking "Norvir." Plaintiff states that he had liver problems in 1980 and 1975. Plaintiff claims that this medication was given to him in combination with Agenerase "and others [sic] severe drugs." *Id.* Plaintiff seems to be claiming that defendants gave plaintiff medications that caused potentially deadly side-effects.

## 3. Statute of Limitations

Federal courts borrow the state law personal injury statute of limitations period for purposes of filing section 1983 actions. *Wilson v. Garcia*, 471 U.S. 261, 276 (1985). In New York State, the relevant limitations period is three years. *Owens v. Okure*, 488 U.S. 235, 250-51 (1989). *See* N.Y. CIV. PRAC. L & R. § 214(5). Thus,

unless the limitations period is tolled for some reason, a plaintiff must file his section 1983 civil rights action within three years of the accrual of each cause of action.

Federal law, however, governs the question of when a section 1983 claim accrues. *Covington v. City of New York*, 171 F.3d 117, 121 (2d Cir. 1999)(citing *Morse v. University of Vermont*, 973 F.2d 122, 125 (2d Cir. 1992)), *cert. denied*, 120 S. Ct. 363 (1999). Generally, under federal law, a cause of action accrues when "the plaintiff knows or has reason to know of the injury which is the basis of his action." *Id.* (quoting *Singleton v. City of New York*, 632 F.2d 185, 191 (2d Cir. 1980)(internal quotation marks omitted)).

In this case, defendants argue that plaintiff's claims are barred by the statute of limitations. The incidents in this case occurred between June 9, 2000 and October 2, 2000 when plaintiff claims he was transferred to Franklin Correctional Facility. Based upon the facts stated in his complaint, plaintiff was aware of his claims against the defendants on July 9, 2000, and his claims could have accrued as late as October 2, 2000 when he was transferred out of Upstate Correctional Facility to Franklin Correctional Facility. Plaintiff filed his original complaint in this case on August 25, *2004.* (Dkt. No. 1).

Even though plaintiff's original complaint was not filed until August 25, 2004, the court gives the pro se plaintiff the benefit of the "mailbox" rule. According to the "mailbox rule," plaintiff would be deemed to have filed this action when he gave his original complaint to prison officials for mailing. *See Houston v. Lack*, 487 U.S. 266, 273 (1988)(A *pro se* inmate's papers are deemed filed when the inmate gives the

papers to prison officials for mailing). Since the exact date of mailing in this case is not known, the court looks to the date that plaintiff signed his original complaint. In this case, plaintiff signed the original complaint on August 22, 2004. (Dkt. No. 1). Thus, for purposes of the statute of limitations, the court will consider plaintiff to have filed this action on August 22, 2004.

Notwithstanding the leniency afforded by the "mailbox rule" and the court's interpretation of that rule, plaintiff's claims would be time barred. Even assuming that plaintiff's claims did not accrue until he was transferred to Franklin, three years from that date would be October 2, 2003. Because plaintiff did not file this action until August 22, 2004, the amended complaint would be subject to dismissal unless the statute of limitations had been tolled.

At the end of the amended complaint, plaintiff alleges that the "delay" in filing this action was due to "dezabilities [sic] resulting from injury" and because plaintiff is not a lawyer. AC ¶ 28. The doctrine of equitable tolling allows the court to extend the statute of limitations past the time of expiration as necessary to avoid inequitable circumstances. *Johnson v. Nyack Hospital*, 86 F.3d 8, 12 (2d Cir. 1996)(citation omitted). Equitable tolling principles have applied when plaintiff "actively" pursued his judicial remedies, but filed a defective pleading within the appropriate time period. *Brown v. Parkchester S. Condominiums*, 287 F3d 58, 60 (2d Cir. 2002)(citations omitted). Equitable tolling has also been applied where plaintiff was prevented in some "extraordinary" way from asserting his rights, or where he asserted his rights in the wrong forum. *Johnson*, 86 F.3d at 12. In determining whether equitable tolling

applies, the court must find that plaintiff acted reasonably diligently throughout the period that he seeks to toll. *Id.*

In this case, on December 27, 2005, plaintiff requested an extension of time to respond to the defendants' motion to dismiss, and the court granted the extension, allowing plaintiff until February 13, 2006 to file his response. (Dkt. No. 38). Plaintiff did not file a response to the motion, but instead filed a motion for appointment of counsel on December 27, 2005. (Dkt. No. 30). As stated above, at the end of plaintiff's amended complaint, he states that delay in bringing this action is due to his medical condition and the fact that he is not an attorney. AC ¶ 28. The fact that plaintiff has physical disabilities, and the fact that he is not an attorney, without more, are insufficient reasons to excuse plaintiff's filing within the statute of limitations.

There is no indication that plaintiff was diligently attempting to file a claim or that he filed a claim in the wrong court. The fact that an inmate is pro se is not in itself grounds for equitable tolling. A large percentage of the inmate civil rights actions are filed by pro se plaintiffs who are not attorneys. The court notes that plaintiff in this action has another case pending in the Northern District of New York in which he is suing one of the same doctors as in this action (although the doctor has not been properly served in either case), together with many defendants from Franklin Correctional Facility. *DeJesus v. Anstrong*, 04-CV-1037 (TJM/DRH).

Plaintiff initially filed 04-CV-1037 on August 25, 2004, and he is alleging events that allegedly occurred in 2003. He has clearly complied with the statute of

limitations for the allegations contained in 04-CV-1037.[2] Plaintiff has not shown that he was somehow prevented, by his physical condition or otherwise, from bringing this action within the appropriate time period. Thus, plaintiff has not shown that he is entitled to equitable tolling, and this case may be dismissed based upon the statute of limitations.

**4.    Dismissal**

The Second Circuit has held that when the court dismisses a pro se action on the pleadings, the plaintiff should be given an opportunity to amend his complaint to state a claim. *See Frasier v. General Electric Co.*, 930 F.2d 1004, 1007 (2d Cir. 1991) (citations omitted)(court should not dismiss without granting leave to amend at least once when the complaint gives "any indication" that a valid claim may be stated). It is clear that none of plaintiff's claims in this action fall within the statute of limitations because of the time of their accrual. However, the court will recommend dismissing this action without prejudice to plaintiff attempting to show that he would be entitled to equitable tolling.

In making this showing, however, plaintiff must be aware that the fact that he is a pro se inmate and the fact that he is not an attorney are insufficient to justify equitable tolling. Additionally, the fact that plaintiff may have had some disabilities

---

[2] The court does note that in the amended complaint in 04-CV-1037, plaintiff does mention some dates in 2000, but he does have a substantial amount of allegations within the statute of limitations. One of the arguments in the pending motion to dismiss in 04-CV-1037 is that any claims that occurred prior to August 21, 2001 should be dismissed based on the statute of limitations. (Dkt. No. 49, Memorandum of Law at 2)(04-CV-1037).

9

or illnesses during the time in question[3] also does not, without more, justify equitable tolling.

**WHEREFORE,** based on the findings above, it is

**RECOMMENDED**, that defendants' motion to dismiss this action (Dkt. No. 36) be **GRANTED**, and the complaint **DISMISSED IN ITS ENTIRETY WITHOUT PREJUDICE** as stated above.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have ten days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993)(citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: August 28, 2006

_____
Hon. Gustave J. DiBianco
U.S. Magistrate Judge

---

[3] Plaintiff still has a serious medical condition and was still able to file two law suits, one of which does contain claims that were filed within the appropriate time period.